# EXHIBIT 1

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | |
|---|---|
| PAUL WEISHAAR, on behalf of himself and all others similarly situated, ) ) ) | **JURY TRIAL DEMANDED** |
| Plaintiff, ) ) ) | Cause No.: |
| vs. ) ) ) | |
| O'Reilly Automotive Stores, Inc. ) ) ) | |
| Defendant. ) | |

## CLASS ACTION PETITION

COMES NOW Plaintiff on behalf of himself and all other similarly situated, and for his causes of action states and alleges as follows:

### PARTIES

1. Plaintiff is a citizen and resident of St. Louis, Missouri.

2. Defendant **O'Reilly Automotive Stores, Inc.** is a for profit corporation with its principal place of business in Springfield, MO. Defendant has and continues to advertise and sell its products, described herein, in the City of St. Louis, Missouri.

### JURISDICTION AND VENUE

3. Pursuant to § 508.010.4 RSMo, the Twenty-Second Judicial Circuit, State of Missouri is an appropriate venue because the false representations and deceptive practices occurred in the City of St. Louis, Missouri, to Plaintiff and other residents of St. Louis, who purchased Defendant's product in the City of St. Louis, Missouri.

1

4. The Circuit Court of the City of St. Louis, Missouri has personal jurisdiction over Defendant because Defendant transacts business in Missouri, with its various advertising methods and product sales directed toward Missouri residents. Additionally, Plaintiff purchased the product(s) at issue in the City of St. Louis, Missouri.

5. This is a civil case in which the Twenty-Second Judicial Circuit, State of Missouri has jurisdiction pursuant to Mo. Const., Art. V. § 14.

6. The amount in controversy for all proposed class members does not exceed five million dollars ($5,000,000.00).

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

7. Since 2010, Defendant herein was in the business of selling and advertising for sale certain merchandise or retail products in trade or commerce within the City of St. Louis, and other cities and counties throughout the State of Missouri, to wit: windshield wiper fluid, advertised and marketed as protecting down to -20 degrees Fahrenheit.

8. Since 2010, Defendant advertised and marketed that the products were fit to protect or function as windshield wiper fluid, a cleaning solution for automotive windshields, when the outside ambient temperature was as low as the stated temperature on the packaging.

9. In fact, however, and as Defendant well knew at the time, its products did not perform to the advertised specifications when the product was used as marketed, advertised, and intended, to wit: the windshield wiper fluid solidified or was otherwise unable to be pumped through a vehicle's windshield wiper fluid system as to enable a driver to clean his or her windshield by use of the system, after the solution was poured into in a vehicles windshield wiper fluid reservoir tank, during the normal course of a vehicle's operation.

10. Since 2010, Plaintiff purchased Defendant's windshield wiper fluid, advertised as protecting down to the advertised temperature, numerous times, primarily for personal, family, or household purposes.

11. When Defendant marketed, advertised, distributed, and sold Plaintiff its windshield wiper fluid, the product did not protect down to the freezing temperature advertised, marketed, warrantied, guaranteed, or promised on the product label, which comprised all terms, besides price, of the contract for sale between Plaintiff and Defendant.

12. Plaintiff used Defendant's windshield wiper fluid as it was intended to be used, during and after placing the windshield wiper fluid into Plaintiff's vehicle's windshield wiper fluid systems.

13. While using Defendant's products within the advertised operable temperature range as designated on each windshield wiper fluid bottle, Plaintiff experienced freezing of the windshield wiper fluid or otherwise inadequate operation of the windshield wiper fluid in Plaintiff's vehicle.

14. As a result of using Defendant's products, Plaintiff:

   a. Received a lesser product than advertised and marketed, a windshield wiper fluid that froze or was otherwise inoperable above the advertised temperature, increasing the risk of accidents due to poor visibility;

   b. Was forced to purchase other windshield wiper fluids; and/or

   c. Was forced to make repairs to their windshield wiper fluid systems in order to remedy the issues faced with freezing windshield wiper fluid.

15. As a result of Defendant's windshield wiper fluid failing to perform as advertised,

Electronically Filed - City of St. Louis - July 24, 2017 - 08:14 AM

marketed, warrantied, or promised, Defendant fraudulently or negligently induced Plaintiff to purchase its products through a material representation, breached Defendant's contracts, and breached Defendant's implied and express warranties, with Plaintiffs.

16. This action is brought by Plaintiff against Defendant to recover all money paid by Plaintiff to Defendant in exchange for their marketing, advertising, and sale of deceptive products.

## CLASS ACTION ALLEGATIONS

17. Plaintiff brings this Class Action pursuant to § 407.025 RSMo, on behalf of himself and the following Classes of similarly situated persons:

>   (1) All individuals who purchased in Missouri Defendant's windshield wiper fluid products that were advertised and marketed as protecting down to -20 degrees Fahrenheit.

18. Excluded from the Class are Defendant and its officers, directors, agents, employees and their immediate family members, as well as the judicial officers assigned to this litigation and members of their staffs and immediate families.

19. Defendant's products are sold across Missouri through retailers such as: O'Reilly Auto Parts. The class may be identified through the use of sale receipts, affidavits, or through sales records.

20. The proposed Class is so numerous that joinder of all Class members is impracticable.

21. There are questions of fact and law common to the Class which predominate over questions affecting only individual Class members. The questions of law and fact common to the Class arising from Defendant's actions include, without limitation, the following:

4

    a.    whether the Defendant's products were being advertised and marketed as protecting down to the indicated temperature;

    b.    whether the Defendant's products actually protected down to the indicated temperature;

    c.    whether Defendant's representations that its products protected down to the indicated temperature, were false and made knowingly by Defendant, and was therefore a deception, fraud, false pretense, false promise, and/or misrepresentation as described at § 407.020 RSMo and a violation thereof;

    d.    whether Defendant's representations that its products protected down to the indicated temperature, were false and made negligently by Defendant, and was therefore a deception, fraud, false pretense, false promise, and/or misrepresentation as described at § 407.020 RSMo and a violation thereof; and

    e.    whether Defendant was unjustly enriched.

22. Plaintiff's claims are typical of the consumers in the putative Class because he purchased Defendant's products and was similarly treated.

23. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the other members of the Class. The interests of the members of the class will be fairly and adequately protected by Plaintiff and his counsel, who have extensive experience prosecuting complex litigation and class actions.

24. A class action is the appropriate method for the fair and efficient adjudication of this controversy. It would be impracticable, cost prohibitive, and undesirable for each member of

5

the Class to bring a separate action. In addition, the presentation of separate actions by individual Class members creates the risk of inconsistent and varying adjudications, establishes incompatible standards of conduct for Defendant, and/or substantially impairs or impedes the ability of Class members to protect their interests. A single class action can determine, with judicial economy, the rights of all Class members.

25. Class members will be determined based on the records of Defendant, records by class members, such as sales receipts, or affidavits by class members.

26. Class certification is also appropriate because Defendant has acted or refused to act on grounds generally applicable to the Classes. The Class Action is based on Defendant's acts and omissions with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. All Class members who purchased Defendant's products were treated similarly. Thus, all Class Members have the same legal right to an interest in relief for damages associated with the violations enumerated herein. The claims are governed by general concepts of statutory, tort, contract, and/or quasi-contract law.

## COUNT I

### Violations of Missouri's Merchandising Practices Act

27. Plaintiff incorporates by reference all preceding paragraphs of this petition as if fully set forth herein.

28. Defendant's representations that the products were fit to be used as windshield wiper fluid at the advertised and marketed temperature rating was false and made knowingly by Defendant or without knowledge as to its truth or falsity and was therefore a deception, fraud, false pretense, false promise, misrepresentation as described at § 407.020 RSMo, and was therefore a

violation of § 407.020 RSMo.

29. Pleading alternatively, Defendant's representation that the products were fit to be used as windshield wiper fluid at the advertised and marketed temperature rating constituted the omission or suppression of a material fact in violation of the provisions of § 407.020 RSMo in that Defendant's windshield wiper fluid would not perform at the advertised temperature when used as it was advertised, marketed, and intended.

30. Defendant's conduct as described herein was intentional and in violation of § 407.020 RSMo, and the regulations of the Attorney General of Missouri promulgated thereunder, and as a direct and proximate result of Defendant's illegal conduct, Plaintiff has suffered ascertainable losses of money, to a total amount yet to be determined.

WHEREFORE, Plaintiff, on behalf of himself and the Class described in this Class Action Petition, respectfully requests that:

A. the Court certify the Classes pursuant to Rule 52.08 and § 407.025 RSMo, and adjudge Plaintiff and his counsel to be adequate representatives thereof;

B. the Court enter an Order requiring Defendant to pay Plaintiff's, and the other members of the Class, economic, monetary, actual damages, consequential, compensatory, or statutory damages, whichever is greater, to the extent permitted under the law;

C. the Court enter an Order awarding Plaintiff, individually and on behalf of the other members of the Class, his expenses and costs of suit, including reasonable attorneys' fees and reimbursement of reasonable expenses, to the extent provided by law;

D. the Court enter an Order awarding to Plaintiff, individually and on behalf of the

Electronically Filed - City of St. Louis - July 24, 2017 - 08:14 AM

other members of the Class, pre- and post-judgment interest, to the extent allowable; and

E. for such other and further relief as may be just and proper.

Respectfully Submitted,

**SWMW Law, LLC**


By:___/s/ Ryan P. Horace_____
Ryan P. Horace, #64918
ryan@swmwlaw.com
**Attorneys for Plaintiff**
701 Market Street, Suite 1000
St. Louis, MO 63101
(314) 480-5180
(314) 932-1566 – Facsimile


Steven J. Stolze, #39795
stevenstolze@yahoo.com
Holland Law Firm, of counsel
300 N. Tucker, Suite 800
**Attorney for Plaintiffs**
St Louis, MO 63101
314-640-7550

8



# IN THE 22ND JUDICIAL CIRCUIT COURT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL KELLAN MULLEN | Case Number: 1722-CC10830 | Special Process Server 1 |
|---|---|---|
| Plaintiff/Petitioner:<br>PAUL WEISHAAR<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>BENJAMIN ROBERT SCHMICKLE<br>701 MARKET STREET STE 1000<br>SAINT LOUIS, MO  63101 | Special Process Server 2<br><br>Special Process Server 3 |
| Defendant/Respondent:<br>O'REILLY AUTOMOTIVE STORES ,INC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |  |
| Nature of Suit:<br>CC Other Tort | | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:**  O'REILLY AUTOMOTIVE STORES ,INC
        **Alias:**
**233  S. PATTONSON**
**SPRINGFIELD, MO  65802**

*COURT SEAL OF CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**July 24, 2017**
_____        _____
           Date                                            Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).
_____          _____
Printed Name of Sheriff or Server                  Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
(Seal)   Subscribed and sworn to before me on _____ (date).
        My commission expires: _____   _____
                                     Date                            Notary Public

**Sheriff's Fees**
Summons                        $_____
Non Est                        $_____
Sheriff's Deputy Salary
Supplemental Surcharge         $     10.00
Mileage                        $_____ (_____ miles @ $._____ per mile)
**Total**                      $_____
A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.



## IN THE 22ND JUDICIAL CIRCUIT COURT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL KELLAN MULLEN | Case Number: 1722-CC10830 | Special Process Server 1 |
|---|---|---|
| Plaintiff/Petitioner:<br>PAUL WEISHAAR | Plaintiff's/Petitioner's Attorney/Address<br>BENJAMIN ROBERT SCHMICKLE<br>701 MARKET STREET STE 1000 | Special Process Server 2 |
| vs. | SAINT LOUIS, MO  63101 | Special Process Server 3 |
| Defendant/Respondent:<br>O'REILLY AUTOMOTIVE STORES ,INC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |
| Nature of Suit:<br>CC Other Tort | | (Date File Stamp) |

### Summons in Civil Case

**The State of Missouri to:** O'REILLY AUTOMOTIVE STORES ,INC
**Alias:**
CT CORPORATION SYSTEM
120 S CENTRAL AVE
CLAYTON, MO  63105

  You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**August 8, 2017**
_____        _____
Date                                              Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____           _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

(Seal)   Subscribed and sworn to before me on _____ (date).

My commission expires: _____   _____
                                       Date                                    Notary Public

**Sheriff's Fees**
Summons          $_____
Non Est              $_____
Sheriff's Deputy Salary
Supplemental Surcharge   $    10.00
Mileage              $_____ (_____ miles @ $._____ per mile)
**Total**                $_____
A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.