**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

PAUL WEISHAAR, on behalf of himself and
all others similarly situated,

Plaintiff,

v.

O'REILLY AUTOMOTIVE STORES, INC.,

Defendant.

Case No.: 4:17-cv-02384-AGF

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT O'REILLY AUTOMOTIVE STORES, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

This lawsuit purports to be an action under the Missouri Merchandising Practices Act ("MMPA") relating to claims that Defendant O'Reilly Automotive Stores, Inc. ("O'Reilly" or "Defendant") sold windshield wiper fluid that did not perform as advertised.  In particular, Plaintiff Paul Weishaar alleges that wiper fluid advertised at protecting down to -20 degrees Fahrenheit did not perform to the advertised specification.

Dismissal is appropriate because Weishaar's Petition – one of *eight identical petitions* filed on the same day – does not satisfy Rule 9(b)'s heightened pleading requirements.  Dismissal is also appropriate because advertising claims of "up to" and "down to" are qualifiers and do not commit to a specific performance in every instance.  In other words, no reasonable consumer would be deceived by the claim "down to -20 degrees Fahrenheit."  Finally, dismissal is warranted because Weishaar has not plausibly alleged that he suffered any ascertainable loss.   In the alternative, Weishaar lacks standing to bring any claims relating to products that he did not purchase.

## I.  FACTUAL BACKGROUND

For purposes of this motion only, the facts alleged in Plaintiff's Petition are accepted as true.  Those allegations are stated as follows: Since 2010, O'Reilly has sold windshield wiper fluid that is advertised and marketed as protecting down to -20 degrees Fahrenheit.  Petition at ¶7.  O'Reilly allegedly knew, however, that these windshield wiper fluid products did not perform as advertised, and that the windshield wiper fluid solidified or became otherwise unusable at certain temperatures above their advertised effective temperature.  Petition at ¶8-¶11.  Weishaar purchased the windshield wiper products primarily for personal, family, or household purposes.  Petition at ¶10.  The windshield wiper fluid products that Weishaar purchased failed to perform at their advertised temperatures and these failures caused him to purchase other windshield wiper fluids.  Petition at ¶13-¶14.  Based on these allegations, Weishaar asserts a single cause of action under the MMPA.  Petition at ¶27-¶30.  Weishaar seeks to bring this action as a class action.  Petition at ¶17-¶26.  O'Reilly now moves to dismiss the Petition for failure to state a claim.

## II.  LEGAL ARGUMENT

### A.  The Motion to Dismiss Standard Compels Weishaar To Plead More than Labels and Conclusions

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim is facially plausible – rather than sheerly possible – when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372 (8th Cir. 2016).  This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In other words,

a complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Id.* at 562.  Although the Court must accept the plaintiff's factual allegations as true, the Court does not accept as true legal conclusions that have been couched as factual allegations.  *Brown*, 820 F.3d at 372-73.

### B.   Weishaar's Petition Does Not Satisfy Rule 9(b)'s Heightened Pleading Requirement

Rule 9(b) of the Federal Rules of Civil Procedure requires a party to state with particularity the circumstances constituting fraud or mistake.  *Blake v. Career Educ. Corp.*, No. 4:08-CV-821 ERW, 2009 WL 140742, at *2 (E.D. Mo. Jan. 20, 2009).  Rule 9(b) is the appropriate standard by which to judge the allegations of a claim brought under the MMPA.  *Id.*  Indeed, "the United States District Courts in Missouri have consistently applied Rule 9(b) to cases arising under the MMPA." *Id.* (collecting cases); *see also Johnsen v. Honeywell Int'l Inc.*, No. 4:14-CV-594 RLW, 2015 WL 631361, at *10 (E.D. Mo. Feb. 12, 2015) ("Plaintiff has failed to state his MMPA claim consistent with the heightened pleading standard required by Rule 9(b).").  To satisfy the dictates of Rule 9(b) a complaint must plead facts that detail the time, place, and contents of the allegedly false representations, as well as the identity of the person making the misrepresentation and what was obtained as a result.  *Blake*, 2009 WL 140742, at *2.  The complaint must identify the "'who, what, where, when, and how' of the alleged fraud."  *Id.* (quoting *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.,* 441 F.3d 552, 556 (8th Cir. 2006)).

Weishaar's Petition does not come close to satisfying Rule 9(b).  Weishaar's lawsuit against O'Reilly is *one of eight* identical lawsuits that was filed on July 24, 2017, in the Circuit Court of the City of St. Louis, with each Petition raising the same exact allegations relating to windshield wiper fluid marketed as protecting down to -20 degrees Fahrenheit:

| Party Name | Case No. | Party Type | Style of Case | Case Type | Filing Date |
|---|---|---|---|---|---|
| Address on File | | Circuit | County | Location | OCN |
| WEISHAAR, PAUL | 1722-CC10827 | Plaintiff | PAUL WEISHAAR V WARREN DISTRIBUTION | CC Other Tort | 07/24/2017 |
| ST. LOUIS, MO | | Circuit 22 | The City of St. Louis | City of St. Louis | |
| WEISHAAR, PAUL | 1722-CC10828 | Plaintiff | PAUL WEISHAAR V SOUTH/WIN LTD | CC Other Tort | 07/24/2017 |
| ST. LOUIS, MO | | Circuit 22 | The City of St. Louis | City of St. Louis | |
| WEISHAAR, PAUL | 1722-CC10829 | Plaintiff | PAUL WEISHAAR V PRESTONE PRODUCTS CORPORATION | CC Other Tort | 07/24/2017 |
| ST. LOUIS, MO | | Circuit 22 | The City of St. Louis | City of St. Louis | |
| WEISHAAR, PAUL | 1722-CC10830 | Plaintiff | PAUL WEISHAAR V O'REILLY AUTOMOTIVE STORES INC | CC Other Tort | 07/24/2017 |
| ST. LOUIS, MO | | Circuit 22 | The City of St. Louis | City of St. Louis | |
| WEISHAAR, PAUL | 1722-CC10831 | Plaintiff | PAUL WEISHAAR V ITW GLOBAL BRANDS | CC Other Tort | 07/24/2017 |
| ST. LOUIS, MO | | Circuit 22 | The City of St. Louis | City of St. Louis | |
| WEISHAAR, PAUL | 1722-CC10832 | Plaintiff | PAUL WEISHAAR V ELLIOTT AUTO SUPPLY CO INC | CC Other Tort | 07/24/2017 |
| ST. LOUIS, MO | | Circuit 22 | The City of St. Louis | City of St. Louis | |
| WEISHAAR, PAUL | 1722-CC10833 | Plaintiff | PAUL WEISHAAR V CIRCLE K STORES INC | CC Other Tort | 07/24/2017 |
| ST. LOUIS, MO | | Circuit 22 | The City of St. Louis | City of St. Louis | |
| WEISHAAR, PAUL | 1722-CC10834 | Plaintiff | PAUL WEISHAAR V CAMCO MANUFACTURING INC | CC Other Tort | 07/24/2017 |
| ST. LOUIS, MO | | Circuit 22 | The City of St. Louis | City of St. Louis | |

Your Missouri Courts, available at https://www.courts.mo.gov/casenet.[1]

The current Petition does not allege the MMPA violation with any particularity.

**1.  There is no "who" or "where."**  There are no allegations about the particular store

where Weishaar purchased the allegedly offending product or from whom.  *See Johnsen*, 2015 WL

---

[1] A court may take judicial notice of public records and may consider them on a motion to dismiss. *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003).  The lawsuit against Prestone Products Corporation, No. 1722-CC10829, was voluntarily dismissed.  The other lawsuits are still pending.

631361, at *10 ("Missing from Plaintiff's claim are allegations of where he purchased the Honeywell humidifiers at issue, as well as from whom he made the purchase.").

2. **There is no "what."**  There are no allegations about the particular product that Weishaar purchased.  He does not allege whether the windshield wiper fluid was O'Reilly-branded fluid or whether it came from a third-party manufacturer.  He does not provide a label or otherwise detail the specific language of the alleged misrepresentation.  *See Blake,* 2009 WL 140742, at *3 ("These allegations are extremely broad, and notably fail to mention . . .  the content of each of the alleged fraudulent misrepresentations."); *see also Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013) (per curiam) (affirming dismissal of consumer protection claims and admonishing Plaintiffs for failing to include a copy of the actual advertisement at issue).

3. **There is no "when."**  The Petition does not provide any purchase dates; it simply alleges that "since 2010, Plaintiff purchased Defendant's windshield wiper fluid."  Petition at ¶10; *see Blake,* 2009 WL 140742, at *3 ("These allegations are extremely broad, and notably fail to mention . . . the precise date on which each of the alleged fraudulent misrepresentations was communicated . . . .").

4. **There is no "how."**  Weishaar does not allege the method – label, direct advertisement, or employee statement – by which the alleged misrepresentation was communicated to him.  *See Blake,* 2009 140742, at *3.

Beyond these shortcomings, the Petition does not describe the circumstances relating to the product's alleged failing.  Weishaar does not detail whether O'Reilly's wiper fluid froze or whether it became inoperable (whatever that may mean).  He does not allege the date on which the wiper

fluid froze (or became inoperable),[2] the outside temperature when this happened, or the age of the windshield wiper fluid when it happened.  If the fluid froze, he does not allege the manner in which it froze (in the washer pump, in the line, or when it was sprayed onto the windshield).  Weishaar alleges only that the "while using Defendant's products within the advertised operable temperature range . . . Plaintiff experienced freezing of the windshield wiper fluid or otherwise inadequate operation of the windshield wiper fluid in Plaintiff's vehicle."  Petition at ¶13.  Plaintiff's Petition fails to comply with Rule 9(b)'s heightened pleading requirements in a manner that would effectively allow O'Reilly to prepare a defense to the MMPA charges.  *Johnsen*, 2015 WL 631361, at *10.  The Petition must be dismissed.

### C.   Amendment Would be Futile Because No Reasonable Consumer Would Be Deceived by the "Down to -20 Degrees Fahrenheit" Claim

A Court may grant a plaintiff leave to amend a Petition to bring an MMPA claim into conformity with the heightened pleading requirements of Rule 9(b).  *Blake,* 2009 WL 140742, at *3.  In this case any amendment would be futile because no reasonable consumer would have been deceived by the core allegation of the Petition.

The MMPA makes it unlawful to engage in "deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce."  Mo. Rev. Stat. §407.020.1.  To prevail under the MMPA, a plaintiff must demonstrate that he: (1) purchased merchandise (or services) from the defendants, (2) for personal, family, or household purposes, and (3) suffered an ascertainable loss of money or property (4) as a result of an act declared unlawful under section 407.020.  *Williams v. HSBC Bank USA, N.A.*, 467 S.W.3d 836,

---

[2] O'Reilly reserves the right to challenge Weishaar's claims as time-barred at the motion to dismiss stage if the Court allows Plaintiff to file an amended complaint.

6

843 (Mo. Ct. App. 2015).  Where a court can conclude as a matter of law that members of the public are not likely to be deceived by the product packaging, dismissal is appropriate.  *Rawa v. Monsanto Co.,* No. 4:17CV01252 AFG, 2017 WL 3392090, at *4 (E.D. Mo. Aug. 7, 2017).

The phrase "up to" is a qualifier that means the same or less than.  *Maloney v. Verizon Internet Servs.,* 413 F. App'x 997, 999 (9th Cir. 2011) (Memorandum).  So while the phrase "up to" suggests a maximum number, it does "not [suggest] a required minimum number . . . ." *Chinook USA, LLC v. Duck Commander Inc.*, No. 16-CV-113, 2017 WL 1731728, at *6 (W.D. La. May 2, 2017).  In the advertising context the phrase is not a guarantee of a particular discount or Internet speed.  *See Fink,* 714 F.3d at 742 n.3 ("Plaintiffs themselves concede that a promise to provide 'up to' a certain speed is not a guarantee that that speed will be achieved."); *Cohen v. Hertz Corp*., No. 13-CV-1205 LTS AJP, 2013 WL 9450421, at *4 (S.D.N.Y. Nov. 26, 2013).  This means that a reasonable consumer would not expect to receive the suggested maximum discount percent or Internet speed as a matter of law.  *See, e.g., Fink,* 714 F.3d at 742 n.3; *Cohen*, 2013 WL 9450421, at *4.  For instance, there is no deception when a customer receives some discount when that customer has been promised discounts "of up to 25%."  *Cohen,* 2013 WL 9450421, at *4 ("Plaintiff used the Promo Code, and on several occasions received exactly what the advertisements promised—discounts of up to 25%.").  Likewise, a reasonable consumer would expect "that speeds could be less than the advertised '3x faster' and '100x faster' speeds." *Fink*, 714 F.3d at 742 n.3.

The same is true of the alleged advertising here.  According to the Petition, O'Reilly's windshield wiper fluid was advertised and marketed as protecting "down to -20 degrees Fahrenheit."  Petition at ¶7.  But under *Fink* and *Cohen,* this is not a guarantee and no reasonable consumer would believe that the wiper fluid would always function "down to" -20 degrees.  *Fink,*

714 F.3d at 742 n.3; *Cohen*, 2013 WL 9450421, at *4.   Under *Fink* and *Cohen,* no reasonable consumer would expect that the wiper fluid was guaranteed to be effective at -20 degrees Fahrenheit in every instance.[3]   Plaintiff cannot state a claim under the MMPA.

### D.     It is Not Plausible that Weishaar Suffered Any Ascertainable Loss

A plaintiff must show that he suffered a pecuniary loss to prevail on an MMPA claim. *Grawitch v. Charter Commc'ns, Inc.*, 750 F.3d 956, 960 (8th Cir. 2014).   Missouri courts apply the benefit of the bargain rule to determine whether there has been an ascertainable loss.   *Kelly v. Cape Cod Potato Chip Co.,* 81 F. Supp. 3d 754, 758 (W.D. Mo. 2015).   "This rule allows a purchaser to be awarded the difference between the actual value of the property and what its value would have been if it had been as represented."   *Id.*

Weishaar alleges that O'Reilly's windshield wiper fluid did not perform down to the advertised temperature and that he therefore received a lesser product than advertised.   Petition at ¶14(a).   He further alleges that he "was forced to purchase other windshield wiper fluids; and/or [that he] was forced to make repairs to their [sic] windshield wiper fluid systems in order to remedy the issues faced with freezing windshield wiper fluid."   Petition at ¶14(b),(c).   These allegations – standing on their own – might be sufficient to allege an ascertainable loss.   *Plubell v. Merck & Co.,* 289 S.W.3d 707, 715 (Mo. Ct. App. 2009) ("[B]ecause Plaintiffs alleged Vioxx was worth less than the product as represented, they stated an objectively ascertainable loss under the MMPA using the benefit-of-the-bargain rule.").   However, these allegations are not plausible when viewed in the context of Weishaar's *seven other identical lawsuits.*

---

[3] This Court's *Rawa* decision does not compel a different conclusion.   The directions in *Rawa* that accompanied the "Makes Up to 23 Gallons" label were unclear and, depending on which set of directions were followed, would result in less than the 23 gallons of weed killer that had been advertised.   2017 WL 3392090, at *4.   There are no mixing instructions or directions for the windshield wiper fluid at issue here.

In each of those lawsuits, Weishaar also alleged that he was "forced to purchase other windshield wiper fluids" and that he was "forced to make repairs to [his] windshield wiper fluid systems . . . ." *See e.g., Weishaar v. Warren Distribution,* No. 1722-CC10827 (Mo. Cir. Ct. July 24, 2017) (Class Action Petition at ¶14(b),(c)); *Weishaar v. South/Win Ltd.,* No. 1722-CC10828 (Mo. Cir. Ct. July 24, 2017) (Class Action Petition at ¶14(b),(c)).  The fact that Weishaar allegedly used multiple other windshield wiper fluids purchased from other parties may be why he is unable to make the necessary allegations about the particular O'Reilly store where he purchased the allegedly offending product or from whom.  It may also explain why Weishaar cannot make any allegations about the particular product that he purchased, when they were purchased, and how he was deceived as to the specific products allegedly purchased from O'Reilly.

Moreover, while a reasonable consumer might try a second or third brand of windshield wiper fluid, it is not plausible that a reasonable consumer would continue to purchase a product he viewed as defective on *seven or eight different occasions.*  The allegations directed at O'Reilly are not plausible in light of the other identical lawsuits, *see Grawitch,* 750 F.3d at 960, and the "the scattershot litigation strategy of plaintiff's counsel [in] filing identical lawsuits . . . is certainly questionable," *Kerner v. Cult Awareness Network, Washington, D.C.*, 843 F. Supp. 748, 750 (D.D.C. 1994).

### E.    In the Alternative, Weishaar Lacks Standing to Bring Any Claims for Products that He Did Not Purchase

Weishaar seeks to bring his MMPA claims on behalf of all individuals who purchased "Defendant's windshield wiper fluid products that were advertised and marketed as protecting down to -20 degrees Fahrenheit."  Petition at ¶17.  Weishaar fails to delineate the actual names and brands of the products at issue and fails to allege which of these products he actually purchased for himself.  Weishaar alleges only that he "purchased Defendant's windshield wiper fluid,

advertised as protecting down to the advertised temperature, numerous times, primarily for personal, family, or household purposes."  Petition at ¶10.

If the Court declines to dismiss the case for failure to state a claim, the Court should dismiss pursuant to Rule 12(b)(1) for lack of standing Weishaar's claims with respect to those wiper fluid products he did not purchase.   Article III standing requires that an injury be concrete, particularized, and actual or imminent.  *Kelly*, 81 F. Supp. 3d at 763.  In the class action context, this means that a plaintiff seeking to represent a class must establish that he or she has personal standing to bring the cause of action.  *Id.*  If the plaintiff cannot maintain the action on his or her own behalf, the plaintiff may not seek such relief on behalf of the class.  *Id.*

In *Kelly,* the plaintiff alleged that the defendants' potato chips were mislabeled as "all natural" and containing "no preservatives," and sought to bring claims under the MMPA on behalf of herself and those similarly situated individuals.  *Id.* at 757, 763.  Kelly sought to bring her claims with respect to sixteen varieties of potato chips, even though she had purchased only four of the varieties at issue.  *Id.* at 763.  The court held this was improper: "[b]ecause Plaintiff admittedly did not purchase twelve of the sixteen varieties of the Chips, she was neither personally nor actually harmed as to those twelve varieties."  *Id.*  The plaintiff, therefore, could not maintain *any cause of action* with respect to those twelve varieties – either on her own behalf or on behalf of the class.  *Id.*  This Court recently followed *Kelly*.  *See Rawa*, 2017 WL 3392090, at *5 ("This Court believes that the Missouri Supreme Court would hold that Plaintiff may not bring a claim under the MMPA for products he did not purchase.").

*Kelly* and *Rawa* are no outliers.  "[C]ourts routinely dismiss claims in consumer class actions that attempt to seek relief relating to products that the named plaintiffs have not purchased." *Chin v. Gen. Mills, Inc.*, No. 12-CV-2150 MJD/TNL, 2013 WL 2420455, at *3 (D. Minn. June 3,

2013) (dismissing claims relating to the Protein Chewy Bars and Yogurt Chewy Granola bars that plaintiff had not purchased) (collecting cases); *see also Decerbo v. Melitta United States of Am. Inc.*, No. 8:16-CV-850 EAK, 2016 WL 7206244, at *3 (M.D. Fla. Oct. 17, 2016) (holding plaintiff lacked standing to pursue claims related to other flavored coffee products in the defendant's product portfolio).  Weishaar lacks standing to assert any claims, either individually or on behalf of the purported class, against O'Reilly with respect to any variety of windshield wiper fluid that he did not purchase.  *Kelly,* 81 F. Supp. 3d at 763.  These claims must be dismissed.  *Rawa,* 2017 WL 3392090, at *6.

## III.   CONCLUSION

O'Reilly's motion to dismiss should be granted and this lawsuit should be dismissed with prejudice.

Dated:  September 15, 2017                    Respectfully submitted,

**HEPLERBROOM LLC**

By: /s/ W. Jason Rankin
    Gerard T. Noce, #27636
    W. Jason Rankin, #62672
    Charles N. Insler #58623
    One Metropolitan Square
    211 North Broadway Suite 2700
    St. Louis, MO 63102
    (314) 241-6160
    (314) 241-6116 - Facsimile
    gtn@heplerbroom.com
    wjr@heplerbroom.com
    cni@heplerbroom.com

*Counsel for the Defendant O'Reilly Automotive Stores, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 15th day of September, 2017, a true and correct copy of the foregoing document was served upon the following Counsel of Record via the Court's electronic notification system, electronic mail, and/or U.S. Mail, postage prepaid:

| | |
|---|---|
| Ryan P. Horace<br>SWMW Law, LLC<br>701 Market Street, Suite 1000<br>St. Louis, MO 63101<br>(314) 480-5180<br>ryan@swmwlaw.com | Steven J. Stolze<br>Holland Law Firm<br>300 N. Tucker, Suite 800<br>St. Louis, MO 63101<br>(314) 640-7550<br>stevenstolze@yahoo.com |

*Attorneys for Plaintiff*

/s/ W. Jason Rankin